IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT DEON BROWN, | § | |
| # 52202-177, | § | |
| MOVANT, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-1411-D-BK |
| | § | (CRIMINAL CASE NO. 3:15-CR-543-D-2) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for a recommended disposition. For the reasons outlined here, the Section 2255 motion should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

Movant filed a motion requesting court-appointed counsel to explore whether he is entitled to post-conviction relief under *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018). *See* Doc. 3. On June 5, 2018, the Court advised Movant that (1) his motion implicated a claim for post-conviction relief that he must pursue—if at all—through a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, and (2) that once he asserts his claims through a properly filed section 2255 motion, "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions," *see Castro v. United States*, 540 U.S. 375, 383 (2003). Doc. 4. The Court, thus, ordered Movant to file an amended motion on the Court's Section 2255 form that includes all grounds for relief that he believes are available to him, or to

advise the Court that he does not seek relief under section 2255. *Id.* The deadline for Movant's response was July 5, 2018. As of the date of this recommendation, however, Movant has not responded to the Court's order, nor has he sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Movant has been given ample opportunity to respond to the Court's order. He has impliedly refused or declined to do so. Consequently, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

**SO RECOMMENDED** on December 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court cautions Movant that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing a motion to vacate sentence, *see* 28 U.S.C. § 2255(f), and that this provision will be applicable to a subsequent petition that he may file in this Court.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).