IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT DEON BROWN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL NO. 3:18-CV-1411-D-BK |
| | § | (CRIMINAL NO. 3:15-CR-543-D-2) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Vincent Deon Brown's ("Brown's") March 12, 2020 letter request to appoint counsel is denied without prejudice.* Treating the motion as a successive 28 U.S.C. § 2255 motion, the court dismisses the motion without prejudice to Brown's seeking authorization to file a successive § 2255 motion from the United States Court of Appeals for the Fifth Circuit.

I

Brown pleaded guilty to interference with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a), and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and predicated on the underlying Hobbs Act robbery. In 2017 Brown was sentenced to a total term of 177 months' imprisonment—57 months for the Hobbs Act robbery and a consecutive 120 months for using and carrying a firearm  His direct appeal was unsuccessful. *United States v. Brown*, 711 Fed. Appx. 244 (5th Cir. 2018) (per curiam). Subsequently, Brown filed a motion requesting appointment of counsel to explore whether he was entitled to post-conviction relief under *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018).

---

*Brown mailed his letter request to the Federal Public Defender, who in turn forwarded it to this court for filing. Brown's letter references No. 3:14-CR-238-D and 3:18-CV-1411-D.

The motion was construed as a § 2255 motion, but it was dismissed without prejudice for want of prosecution. *Brown v. United States*, No. 3:18-CV-01411-D (N.D. Tex. Dec. 27, 2018).

In 2019 Brown filed a new § 2255 motion, construed from a second motion to appoint counsel. He asserted that his § 924(c) conviction was invalid under *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), in which the Supreme Court held that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. His conviction was predicated, however, on a *substantive* Hobbs Act robbery that, as opposed to *conspiracy* to commit Hobbs Act robbery, qualified as a crime of violence under the elements clause of § 924(c). Thus Brown was not entitled to § 2255 relief on his *Davis* claim. *Brown v. United States*, No. 3:19-CV-1842-D (N.D. Tex. Dec. 17, 2019).

Undeterred, Brown again seeks appointment of counsel, asserting generally that a "new law has come into effect" and that he has been a mental health patient since he was three years old.

II

Generally, a defendant is not entitled to appointment of counsel in a post-conviction relief proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, the proper vehicle for challenging a criminal conviction after the direct appeal period has expired, as in this case, is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). But before Brown can pursue § 2255 relief, he must first obtain authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3). *See, e.g., United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (holding that § 2244(b)(3)(A) constitutes a jurisdictional bar unless the court of appeals first grants permission to file a successive motion).

On the record in this case, the court concludes that Brown's motion to appoint counsel should be denied. Brown does not identify the "new law" on which he relies, and the court has previously denied his *Davis*-based § 2255 motion. That notwithstanding, insofar as Brown again seeks to challenge his underlying conviction, the motion to appoint counsel is treated as a successive § 2255 motion, which the court lacks jurisdiction to review absent authorization from the Fifth Circuit.

\* \* \*

Accordingly, the motion to appoint counsel is denied without prejudice, and, treating the motion as a successive § 2255 motion, the court dismisses the motion without prejudice for lack of jurisdiction because Brown has not obtained authorization to file a successive habeas application from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court adopts and incorporates by reference the reasons set out in this order in support of its finding that the movant has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The court further directs the clerk of court to open for statistical purposes a new civil action (nature of suit 510 with direct assignment, per Special Order 3-250, to the undersigned and Magistrate Judge Toliver) and then to close said case on the basis of this order.

**SO ORDERED**.

March 20, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE