IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT DEON BROWN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | CIVIL NO. 3:18-CV-1411-D |
| | § | (CRIMINAL NO. 3:15-CR-543-D(2)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Vincent Deon Brown's ("Brown's") March 22, 2022 letter request to appoint counsel is denied without prejudice. Treating the motion as a successive 28 U.S.C. § 2255 motion, the court transfers the motion to the United States Court of Appeals for the Fifth Circuit to seek authorization to file a successive § 2255 motion.

I

Brown pleaded guilty to interference with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a), and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), and predicated on the underlying Hobbs Act robbery. In 2017 Brown was sentenced to a total term of 177 months' imprisonment—57 months for the Hobbs Act robbery and a consecutive 120 months for using and carrying a firearm  His direct appeal was unsuccessful. *United States v. Brown*, 711 Fed. Appx. 244 (5th Cir. 2018) (per curiam). Subsequently, Brown filed a motion requesting appointment of counsel to explore whether he was entitled to post-conviction relief under *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018). The motion was construed as a § 2255 motion, but it was dismissed without prejudice for want of prosecution. *Brown v. United States*, No. 3:18-CV-1411-D (N.D. Tex. Jan. 29, 2019).

In 2019 Brown filed a § 2255 motion, asserting that his § 924(c) conviction was invalid under *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019). His conviction was predicated, however, on a *substantive* Hobbs Act robbery, which qualified as a crime of violence. Thus his § 2255 motion was denied. *Brown v. United States*, No. 3:19-CV-1842-D (N.D. Tex. Dec. 17, 2019).

In 2020 Brown sought appointment of counsel, asserting generally that a "new law ha[d] come into effect." The court denied his motion. And treating it as a successive § 2255 motion, the court dismissed it without prejudice to Brown's seeking authorization to file a successive § 2255 motion. *Brown v. United States*, No. 3:20-CV-0690-D (N.D. Tex. Mar. 20, 2020).

Brown now seeks appointment of counsel to assist him in filing a successive § 2255 motion seeking relief under *Borden v. United States*, ___ U.S. ___, 141 S. Ct. 1817 (2021).

II

Generally, a defendant is not entitled to appointment of counsel in a post-conviction relief proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), however, a district court may appoint counsel for a § 2255 movant who is financially eligible if the court determines that "the interests of justice so require." *United States v. Davis*, 629 Fed. Appx. 613, 619 (5th Cir. 2015) (per curiam). The decision whether to appoint counsel is within the discretion of the district court. *Id.*

Because Brown has not yet filed a § 2255 motion, he has not alleged, much less shown, that the interests of justice require appointment of counsel at this stage. *See United States v. Duc Minh Luu*, 2015 WL 1515187, at *2 (N.D. Tex. April 1, 2015) (Horan, J.) ("Defendant has not yet filed a 28 U.S.C. § 2255 motion, and, as such, the Court is not in a position to examine . . . the significance or complexity of his claims."). Brown asserts only that he is ignorant of the law. He

does not aver that he cannot prepare a § 2255 motion himself. The court therefore denies his motion to appoint counsel.

III

The proper vehicle for challenging a criminal conviction after the direct appeal period has expired, as in this case, is a motion to vacate sentence under § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam).

Brown's prospective *Borden* claim collaterally challenges his conviction and sentence. And is therefore properly raised by a § 2255 motion. *Cf. United States v. Elam*, 930 F.3d 406, 410 (5th Cir. 2019) (requiring that district court liberally construe a *pro se* motion for discovery and appointment of counsel as a first, timely § 2255 motion to provide the defendant "the protections of the Great Writ"). "Ultimately, '[i]t is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing.'" *Id.* at 409 (quoted case omitted). But before Brown can pursue § 2255 relief, he must first obtain authorization from the United States Court of Appeal for the Fifth Circuit under 28 U.S.C. § 2244(b)(3). *See, e.g., United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2244(b)(3)(A) constitutes a jurisdictional bar unless the court of appeals first grants permission to file a successive motion).

The court finds it appropriate to construe Brown's request for relief under *Borden* as a successive § 2255 motion and transfer it to the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam).

\* \* \*

Accordingly, Brown's motion to appoint counsel is denied without prejudice. Treating the motion as a successive § 2255 motion, the court transfers it to the United States Court of Appeals for the Fifth Circuit to seek authorization to file a successive application. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

The court directs the clerk of court to open for statistical purposes a new civil action (nature of suit 510 with direct assignment, per Special Order 3-250, to the undersigned and Magistrate Judge Toliver) and to effect the transfer in the newly opened case.

**SO ORDERED**.

March 28, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE